IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEWART AZELL CROSS, ID # 1089282, Petitioner, vs. NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | No. 3:08-CV-1667-M (BH) ECF Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner commenced the instant action by filing a *Motion for Loan of Trial Appellant(s) Record(s)* and a request to proceed *in forma pauperis* in this action. The Court construes the motion as a petition for writ of mandamus filed by a state inmate.[1] Petitioner seeks to obtain a loan of his state court records so that he can prepare a "successful and accurate" petition for writ of habeas cor-

---

[1] The caption and body of the motion suggest that petitioner meant to seek the documents directly from the state court. Although petitioner purports to bring this action pursuant to the Federal Rules of Appellate Procedure, it is clear from the filed motion that petitioner seeks state court records related to his trial and appeal. In addition, he has no other federal action from which he might be lodging an appeal. Because he filed his motion in federal court, the Court construes the motion as a request to compel respondent to provide the documents to him.
   The Fifth Circuit Court of Appeals has held that "a writ of mandamus 'is not an independent civil action, but may be considered as a type of appeal.'" *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (quoting *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)). Thus, where a writ of mandamus is filed by a prisoner seeking to proceed *in forma pauperis*, "the nature of the underlying action" will determine the applicability of the Prison Litigation Reform Act (PLRA). *Id.* at 920; *In re Stone*, 118 F.3d at 1034. In this instance, the underlying action is habeas in nature. Accordingly, the petitioner in this cause is not subject to the filing fee provisions of the PLRA. *See In re Crittenden*, 143 F.3d at 920 (recognizing that the PLRA applies to civil actions).

pus under 28 U.S.C. § 2254. He contends that an indigent litigant may ask the trial court to furnish the appellate records without charge. The Court has granted petitioner permission to proceed with this action *in forma pauperis*. No process has been issued in this case.

## II.  PRELIMINARY SCREENING

The Court has permitted petitioner to proceed *in forma pauperis*. This action is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal if the Court finds the action "frivolous" or "malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

## III.  MANDAMUS

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Under this section, the Court may only compel federal actors or agencies to act. This Court lacks "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). The Court likewise lacks the authority to compel respondent to provide state court records to petitioner.

Section 1361 grants no jurisdiction to this Court to dictate action by state employees. This Court is therefore without power to order respondent to provide state court records to petitioner. Consequently, the instant action lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of mandamus be **DISMISSED with prejudice** as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 24th day of September, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Additionally, the Court previously dismissed a prior petition for writ of mandamus with prejudice as frivolous. *See Cross v. State of Tex.*, No. 02-2146-G (N.D. Tex. filed Oct. 2, 2002). Such prior dismissal provides an adequate basis of itself to dismiss the instant action. Indigent petitioners, furthermore, have no "constitutional right to access a free transcript [or other state court records] in order to search for error." *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam); *accord Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975) (per curiam). Consequently, even if the Court considered petitioner's filing simply as a motion for documents, it would find the instant action frivolous.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

          _____
          IRMA CARRILLO RAMIREZ
          UNITED STATES MAGISTRATE JUDGE